IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-cv-24354-CIV-COOKE/TORRES

TAIWAN SMART,

    Plaintiff,

THE HONORABLE MARCIA G. COOKE

vs.

THE CITY OF MIAMI,

    Defendant.

_____/

**PLAINTIFF'S MOTION TO COMPEL CITY TO PAY JUDGMENT OR FACE ORDER
OF CONTEMPT OF COURT**

    In a fitting next step in the City's unrelenting crusade to ruin the life of a young man, a process that it started on November 13, 2009, when Taiwan was unjustly and illegally arrested by City of Miami police detectives seeking a nationwide audience for their budding acting careers and a City anxious to promote its bad boy image and sunshine, secured by lying to a circuit judge and basically framing Taiwan.

    Starting on that date, the City and its thug detectives have been unrelentingly unapologetic, starting with his arrest, the unconscionable period of questioning for 15 hours, imprisonment for 19 months, living under the fear of a life in prison for something he did not do, having his face and name and the charges paraded over national television for four years, emotionally scarring him, perhaps permanently, and unashamedly refusing to admit error, then litigated every issue in the trial court, post-trial, appeal and post appeal to the limits of the rules of ethics and human decency, and

now, after the City promised to pay any judgment affirmed by the Eleventh Circuit within eight days, has refused to honor that commitment.

Yesterday, months after the entry of a mandate by the Eleventh Circuit, and 31 days after this Court entered its Amended Judgment; the City chose to pay not the judgment amount, but rather $404,500.00. Why? Well, they have deducted $350,000 because they claim that the state claims were limited to $100,000, even though this Court rejected that argument, and the City never appealed it.[1]

These people are without remorse and clearly think they can do whatever they want to do, including ignoring representations made to the Court regarding payment, representations made to convince the Court that the City need not post a bond, and then simply to ignore this Court and its orders. It is time for the Court to drop the hammer on the City and compel it to either pay the balance due today of $301,836.75,[2] or be held in contempt of this Court.

---

[1] True to form the City even tried a lame attempt to have that sum settle all of his claim, short-circuited by having his lawyer go with him to pick up the check. See Exhibit "A.:
[2] **Post-Judgment Interest Calculations**
The judgment principal on 8/12/2015 was $707,950.00.
$2,555.60 interest accrued at 0.36% on the $707,950.00 principal for 366 days. Interest was compounded on 8/12/2016 resulting in interest of $0.00, a principal of $710,505.60, and a total value of $710,505.60.
$2,557.82 interest accrued at 0.36% on the $710,505.60 principal for 365 days. Interest was compounded on 8/12/2017 resulting in interest of $0.00, a principal of $713,063.42, and a total value of $713,063.42.
$2,567.03 interest accrued at 0.36% on the $713,063.42 principal for 365 days. Interest was compounded on 8/12/2018 resulting in interest of $0.00, a principal of $715,630.45, and a total value of $715,630.45.
$705.83 interest accrued at 0.36% on the $715,630.45 principal for 100 days resulting in interest of $705.83, a principal of $715,630.45, and a total value of $716,336.28.
Judgment value as of 11/20/2018: $716,336.28.
**Territory**: Federal (US)
**Calculation method**: Compound (fixed)
**Statute of Limitations**: 20 years
**Applicable rule**: 28 U.S.C. 1961(a)
**Less: $404,500.00 paid on 11.19.18**

On October 19, 2018, this Court entered its Amended Judgment in favor of Plaintiff. (D.E. 171). Until yesterday, the City of Miami had refused payment of the Amended Judgment, despite prior representations to this Court that it would pay within eight business days. As a result, Plaintiff moves for an order of this Court directing that the City pay the balance due of $301,836.75 or that the Court schedule an evidentiary hearing as to why the City has not paid Plaintiff, and if the City's prior representations that this Court relied on were made in bad faith. In support thereof, Plaintiff states the following:

On October 4, 2016, the City of Miami filed its Motion To Stay Execution of Money Judgment Pending Appeal (D.E. 140) seeking a stay of execution "during the pendency of the city's appeal to the Eleventh Circuit Court of Appeal." In it, the City states:

> It is clear that Plaintiffs' [sic] interests in this matter will not be adversely impacted if the bond requirement is waived as there is ample evidence that the judgement will be promptly satisfied if sustained on appeal. Thus, there is no reason to require the City to go through the time and expense of purchasing the posting a bond while its appeal is pending.

Id. at 4.

The City, in support, attached the affidavit of Christopher Rose who stated that the "entirety of the Judgement" would be paid "within eight (8) business days of the Judgment being affirmed on appeal." Id. at Exhibit 1 at ¶11.

As a result of those very representations, Plaintiff did not object, and this Court granted the City's motion. As stated by this Court "[i]n light of Plaintiff's Notice of his lack of objection, and Defendant's representations therein, the Defendant's motion is Granted." (D.E. 148) And now, true to form, the City has refused to pay the very same

judgment it represented to the Court it would pay upon affirmance and at the latest within eight (8) business days.

To be clear, it has been over two months since the judgment was affirmed on appeal and the Eleventh Circuit Court of Appeals issued its mandate. (D.E 171). It has also been over two weeks since this Court's Amended Judgment. And yet, honing to its standard of insensitive persecution of young Taiwan, the City now decides that it does not have to comply with the mandate of the Eleventh Circuit or honor its word, it will just decide that an issue that has been litigated and lost is nonetheless available for it to continue its shameless conduct.[3]

---

[3] Of course, the issue of sovereign immunity is either covered by the exceptions in Fla. Stat § 768.28, or based upon the voluntary waiver of such a cap by Miami's agreement to pay within eight days of affirmance by the Eleventh Circuit. What Miami cannot do is just sit back, raise the immunity issue, lose the point, and then claim that it miraculously survives to protect it.

Significantly, the City raised in its Motion For Remittitur, the very point that it did not appeal but now wants the Court to allow it to raise after the Eleventh Circuit affirmed all issues not argued below:

**VIII. Motion to Alter or Amend Judgment**
The Plaintiff's arguments in response to the City's assertion that the court should alter or amend the final judgment so as to reflect the liability for each of the four claims at issue, is that the false imprisonment claim is not capped at $100,000, and that there is no authority for the relief requested by the City. [D.E. 125, 18]. However, the sovereign immunity cap applicable to this matter is $100,000, as asserted by the City. See 768.28(5), Fla. Stat. (2010) ("Neither the state nor its agencies or subdivisions shall be liable to pay a claim or a judgment by any one person which exceeds the sum of $100,000"); Ch. 2010-26, § 1, Laws of Fla. (amended subsection (5) to raise individual claimant cap to $200,000, effective October 1, 2011, and applicable to claims arising on or after that date). And, contrary to the Plaintiff's assertion, the court is required to apply section 768.28(5), Florida Statutes. See Comer v. City of Palm Bay, 147 F. Supp. 2d 1292, 1298 (M.D. Fla. 2001) ("Rule 69(a) requires this Court to apply Florida law regarding the enforcement of Comer's May 30, 2000 judgment. The relevant Florida law is Fla. Stat. § 768.28(5), which requires that recovery against a municipality in excess of the specified caps must be through legislative appropriation rather than judicial enforcement of a judgment.") As such, the court should amend the final judgment so as to allow the City to avail itself of the state-law sovereign immunity cap.

As a result, Plaintiff requests that this Court hold an evidentiary hearing mandating that Mr. Christopher Rose and counsel for the City appear before it to determine if sanctions should be imposed for willful misrepresentations to this Court. In support thereof, Plaintiff states the following:

Courts "have the inherent power to police those appearing before them." See *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1123 (11th Cir.2017). The power is not governed by rule or statute "but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Id. A "court may exercise this power 'to sanction the willful disobedience of a court order, and to sanction a party who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. . . . The dual purpose of this power is to vindicate judicial authority without resorting to a contempt of court sanction and to make the prevailing party whole." Id. The key "to unlocking a court's inherent power is a finding of bad faith."

## CONCLUSION

The City is a bad actor that needs to have decisive action taken against it. It has seriously wounded Taiwan and not only remains militantly irresponsible and callously insensitive to what it has done. Taiwan has waited over nine years for justice. He now has received only part of what has been affirmed by the Eleventh Circuit and awaits counsel fees and costs to be awarded.

---

*Reply To Plaintiff's Response To Defendant's Rule 59 Alternative Motion For New Trial And For Remittitur And To Alter Or Amend Judgment* at 8-9. The point has been waived on appeal and cannot be raised now

The famous law enforcement philosopher, Baretta, used to say: "You can beat the rap but not the ride."[4] The City has raised this principal to the level of a sacrament. The Court needs to make it pay, and pay soon. The last time that the parties were in Court, the trial judge mused that she expected prompt payment. That was weeks ago. The City's response matches the callousness and insensitivity of its homicide detectives, who were and continue to be quite satisfied to have attempted to advance their nascent Hollywood careers on the back of Taiwan, who had to wait seven years to start to have his reputation capable of beginning a rebuilding process.

The Court should order the City to pay or hold it in in contempt until it does, perhaps by jailing some official like Mr. Rose. until the City complies or imposing a daily monetary sanction until it does.

**Dated**: November 20, 2018

**RASCO KLOCK PEREZ NIETO**
2555 Ponce De Leon Blvd., Suite 600
Coral Gables, Florida 33134
Telephone: 305.476.7105
Facsimile: 305.675.7707

By: /s/*Joseph P. Klock, Jr.*
**Joseph P. Klock, Jr., Esq**. FBN 156678
Jklock@rascoklock.com
**Hilton Napoleon, Esq**. FBN 17593
hnapoleon@rascoklock.com
**Juan Carlos Antorcha, Esq**. FBN 0523305
jantorcha@rascoklock.com

*Attorneys for the Plaintiff, Taiwan Smart*

---

[4] *Baretta* is an American detective television series which ran on ABC from 1975–78. The show was a revised and milder version of a 1973–74 ABC series, *Toma*, starring Tony Musante as chameleon-like, real-life New Jersey police officer David Toma. When Musante left the series after a single season, the concept was retooled as *Baretta*, with Robert Blake in the title role.

Wikipedia, en.wikipedia.org/wiki/Baretta

## CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2018, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel or record or pro se parties identified below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Noticed Electronic Filing.

By: /s/Joseph P. Klock, Jr.
**Joseph P. Klock, Jr., Esq.** FBN 156678

## SERVICE LIST

Henry J. Hunnefeld, Esq.
Nicholas P. Basco, Esq.
Kerri L. McNulty, Esq.
Forrest L. Andrews, Esq.
Miami City Attorney's Office
444 S.W. 2nd Avenue, Suite 945
Miami, Florida 33130-1910
Tel. (305) 416-1800
Fax. (305) 416-1801
Primary Email:   hjhunnefeld@miamigov.com
                 npbasco@miamigov.com
                 klmcnulty@miamigov.com
                 flandrewsjr@miamigov.com
Secondary Email: shsmith@miamigov.com
                 yillescas@miamigov.com
                 dbailey@miamigov.com

*Attorneys for Defendant, City of Miami*

# City of Miami



Victoria Méndez
City Attorney

Telephone: (305) 416-1800
Telecopier: (305) 416-1801
E-MAIL: Law@miamigov.com

November 19, 2018

Joseph P. Klock, Jr., Esq.
Rasco Klock Perez & Nieto, P.L.
2555 Ponce De Leon Blvd., Suite 600
Coral Gables, FL 33134

RE:   **Taiwan Smart v. City of Miami**
      Case No.: 13-CV-24354-MGC
      Claim No.: 000757-062374-PP-01

Dear Mr. Klock:

Please find enclosed Check No. 24774 in the amount of **Four Hundred Four Thousand Five Hundred Dollars and 00/100 ($404,500.00)** in ~~full and final settlement of the claims of~~ in favor of Taiwan Smart ~~asserted~~ in the above-referenced lawsuit.

I would appreciate your signing the original of this letter, indicating your receipt of these settlement funds and returning the same to me.

Sincerely,

/s/ *Henry J. Hunnefeld*
Henry J. Hunnefeld
Sr. Assistant City Attorney

### ACKNOWLDEGEMENT OF RECEIPT

This will acknowledge receipt of USIS, Inc., for the City of Miami, Check No. 24774 in the amount of $404,500.00 ~~in full and final settlement of~~ Towns the claims of **Taiwan Smart** asserted in the above-referenced matter.

Date: 11.19.18    By: /s/ Joseph P. Klock, Jr.

1075460

**City of Miami**
Serviced by USIS
P.O. Box 330708, Miami, FL 33233-0708
800-444-9098, Fax 407-352-5788

Date: 11/7/2018  NO. 24774  11-24 / 1210

Wells Fargo Bank, N.A.

| Claim Number | Date Of Injury | Employee |
|---|---|---|
| 401-FL20090060485 | 11/17/2009 | SMART, TAIWAN |

**\*\*$404,500.00\*\***

PAY **** FOUR HUNDRED FOUR THOUSAND FIVE HUNDRED AND XX / 100 DOLLARS

Remittance Void If Not Cashed Within 90 Days

**********
TO THE ORDER OF
RASCO KLOCK PEREZ & NIETO TRUST ACCOUNT *****
2555 PONCE DE LEON BLVD STE 600
CORAL GABLES FL 33134

⑈000 24774⑈ ⑆121000 248⑆ 444 18 2008 1⑈

---

Please Cash or Deposit the above check as soon as possible and retain this portion for your records

PAID BY
CITY OF MIAMI - LIABILITY
c/o USIS, INC.
PO Box 616648
Orlando, FL 32861-6648
407-352-0374   800-444-9098   Fax 407-352-5788

PAYEE...: Rasco Klock Perez & Nieto Trust Account
2555 PONCE DE LEON BLVD STE 600
CORAL GABLES, FL 33134

TAX ID#.: 461905307
EMPLOYER: A001 -
CLAIM #.: 401-FL2009006048 5
CLAIMANT: SMART, TAIWAN
D/A...: 11/17/2009

Claims Rep

CHECK #....: 24774
CHECK AMOUNT.: $ 404,500.00
CHECK DATE..: 11/07/2018
PMT VAL 1..: P&C BODILY INJURY
RESERVE...: Bodily Injury
PAYMENT PERIOD: 11/07/2018 - 11/07/2018
REQUESTER..: britzmann

REMARKS

Invoice #:

Reorder MBF 407-657-7414 US01-F19 03 11